NO. 26-4454

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

THE GEO GROUP, INC.,

*Plaintiff/Counter-Defendant-Appellant*,

v.

ROBERT W. FERGUSON, in his official capacity as Governor of the State of Washington; NICHOLAS W. BROWN, in his official capacity as Attorney General of the State of Washington,

*Defendants/Counter-Plaintiffs-Appellees*.

On Appeal from the U.S. District Court for the Western District of Washington
No. 3:23-cv-05626-BHS
The Honorable Benjamin H. Settle, U.S. Senior District Court Judge

## STATE DEFENDANTS/COUNTER-PLAINTIFFS-APPELLEES' MOTION TO ASSIGN APPEAL TO PRIOR PANEL

NICHOLAS W. BROWN
*Attorney General*

ELLEN RANGE, WSBA No. 51334
MINA SHAHIN, WSBA No. 46661
ANDREW HUGHES, WSBA No. 49515
*Assistant Attorneys General*
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
Ellen.Range@atg.wa.gov
Andrew.Hughes@atg.wa.gov
Mina.Shahin@atg.wa.gov

MARSHA CHIEN, WSBA No. 47020
*Worker Rights Unit Chief*
800 Fifth Avenue, Suite 2000

Seattle, WA 98104
206-464-7744
Marsha.Chien@atg.wa.gov

CRISTINA SEPE, WSBA No. 53609
*Deputy Solicitor General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200
Cristina.Sepe@atg.wa.gov

*Counsel for Defendants/Counter-Plaintiffs-Appellees*

## TABLE OF CONTENTS

I.     INTRODUCTION ...............................................................1

II.    BACKGROUND AND PROCEDURAL HISTORY ........................2

III.   ARGUMENT ...................................................................6

IV.   CONCLUSION................................................................8

i

# TABLE OF AUTHORITIES

<u>Cases</u>

*The GEO Grp. Inc. v. Ferguson*,
  No. 3:23-cv-05626-BHS
  (W.D. Wash. Apr. 28, 2026) ........................................................................ 4

*The GEO Grp., Inc. v. Ferguson*,
  No. 3:23-cv-05626-BHS,
  2026 WL 1983207 (W.D. Wash. Jul. 9, 2026) ...................................... 5, 7, 8

*The GEO Grp., Inc. v. Inslee*,
  151 F.4th 1107 (9th Cir. 2025) ................................................................ 1, 3, 7

*The GEO Grp., Inc. v. Inslee*,
  720 F. Supp. 3d 1029 (W.D. Wash. 2024),
  *vacated and remanded*, 151 F.4th 1107 (9th Cir. 2025) ................................. 2

*The GEO Grp., Inc. v. Inslee*,
  No. 24-2815,
  (9th Cir. Mar. 4, 2026) ................................................................................ 4

*The GEO Grp., Inc. v. Inslee*,
  No. 24-2815,
  2026 WL 378502 (9th Cir. Feb. 11, 2026) ...................................................... 3

*Wash. Dep't of Health v. The GEO Grp., Inc.*,
  No. 24-5880,
  2025 WL 2986482 (9th Cir. Oct. 23, 2025) ..................................................... 6

*Wash. Dep't of Health v. The GEO Grp., Inc.*,
  No. 26-4450,
  (9th Cir. Jul. 17, 2026) ................................................................................. 8

*Wash. Dep't of Health v. The Geo Grp., Inc.*,
  No. 3:24-cv-05639-BHS,
  2026 WL 1990779 (W.D. Wash. July 9, 2026)
  *appeal filed*, No. 26-4450 (9th Cir. Jul. 13, 2026) .......................................... 6

<u>Statutes</u>

Second Substitute H.B. 1470,
  68th Leg., Reg. Sess. (Wash. 2023),
  *enacted as* 2023 Wash. Sess. Laws, ch. 419. .................................................. 2

Wash. Rev. Code § 43.70.170 ................................................................. 6

Wash. Rev. Code § 70.395.050 ............................................................... 2

<u>Rules</u>

Ninth Cir. General Order 1.12. ....................................................... 1, 7

Ninth Cir. General Order 3.6. ........................................................ 1, 7

iii

## I.    INTRODUCTION

Counter-Plaintiffs-Appellees, Governor Ferguson and Attorney General Brown, respectfully move this Court to calendar the above-captioned case, *The GEO Group, Inc. v. Ferguson, et al.*, No. 26-4454 (9th Cir. July 14, 2026), as a comeback case under Ninth Circuit General Orders 1.12 and 3.6, or otherwise assign the case to the same panel that has decided a prior appeal concerning the same parties and the same state law.

This case is about enforcement of a Washington state law that sets minimum standards for private detention facilities. GEO initially obtained a preliminary injunction against enforcement, which this Court then vacated and remanded in *The GEO Group, Inc. v. Inslee*, 151 F.4th 1107 (9th Cir. 2025) (*GEO I*). The Court's mandate issued, yet on remand, GEO nonetheless prevented state health inspectors from conducting inspections as authorized under the law. So the State Appellees sought and obtained a preliminary injunction. In that order, the district court consistently and repeatedly applied *GEO I* to reject GEO's intergovernmental immunity direct regulation and discrimination, as well as preemption defenses.

Because this appeal involves the same parties, the same state law, and many of the same defenses already considered by *GEO I*, the State requests this

appeal be assigned to the *GEO I* panel. Counsel for the parties conferred by email, and GEO opposes the motion.

## II. BACKGROUND AND PROCEDURAL HISTORY

This case centers on Second Substitute House Bill 1470 (HB 1470), which Washington's Legislature enacted to set basic standards for private detention facilities after a series of government and expert reports revealed the conditions at private detention facilities are often appalling. Second Substitute H.B. 1470, 68th Leg., Reg. Sess. (Wash. 2023), *enacted as* 2023 Wash. Sess. Laws, ch. 419. Relevant to this appeal, section 3 of HB 1470 directs the state health and labor departments to conduct inspections of private detention facilities, both routinely and in response to complaints. *See* Wash. Rev. Code § 70.395.050.

GEO owns and operates a private detention facility in Tacoma, Washington. Two months after HB 1470's effective date, GEO sued and sought a preliminary injunction. The court enjoined the State Defendants from enforcing HB 1470, § 3 (and other sections), reasoning that GEO was likely to succeed on the discrimination prong of intergovernmental immunity because the provision did not treat private detention facilities the same as criminal prisons and jails. *The GEO Grp., Inc. v. Inslee*, 720 F. Supp. 3d 1029, 1064 (W.D. Wash. 2024), *vacated and remanded*, 151 F.4th 1107 (9th Cir. 2025).

The State Defendants appealed.[1] In a unanimous opinion, this Court agreed with the district court that HB 1470, as amended, did not directly regulate the federal government and were not preempted, but held that the district court erred in comparing private detention facilities to government-run prisons and jails when considering impermissible discrimination. *See GEO I*, 151 F.4th at 1119. This is because immigration detention is civil, not criminal: "All of the detainees in the NWIPC are civil detainees, awaiting determination of their immigration status." *Id.* at 1120. The panel vacated the preliminary injunction and remanded to allow the district court to consider whether HB 1470, as amended, regulates private detention facilities differently than other civil detention facilities "in the first instance." *Id.* at 1122; *see also id.* at 1124.

The Court subsequently denied GEO's petition for rehearing en banc, and GEO's motion to stay the mandate. *The GEO Grp., Inc. v. Inslee*, No. 24-2815, 2026 WL 378502 (9th Cir. Feb. 11, 2026). The mandate issued on

---

[1] While the appeal was pending, the Washington Legislature enacted Engrossed Second Substitute H.B. 1232 (HB 1232), 69th Leg., Reg. Sess. (Wash. 2025), which amended the law in a further effort to ensure basic standards. HB 1232 did not repeal any of the four HB 1470 provisions that were up on appeal, instead, only expanding the definition of private detention facilities to include non-profits; this Court confirmed HB 1232 is "substantially similar" to HB 1470. *GEO I*, 151 F.4th at 1113.

March 4, 2026. *The GEO Grp., Inc. v. Inslee*, No. 24-2815, (9th Cir. Mar. 4, 2026), DktEntry 84.1.

Following remand, the State attempted to investigate health complaints relating to the facility. While the State Appellees' appeal of the preliminary injunction was pending, two detainees died while inside the Tacoma facility, six more have attempted suicide, and the Department of Health received over 3,500 complaints about the abhorrent conditions at GEO's Tacoma facility. *The GEO Grp. Inc. v. Ferguson*, No. 3:23-cv-05626-BHS (W.D. Wash. Apr. 28, 2026) ECF No. 63 at 8–9. Accordingly, after the mandate issued, the State Appellees sought to enter the facility in accordance with HB 1470, codified as Wash. Rev. Code § 70.395.050(2)(b). Following GEO's refusal to comply with the plain terms of Washington law, the State parties amended their answer to add a counterclaim and moved for a preliminary injunction. *Id.*

Having received the Ninth Circuit's guidance on appeal, the district court granted the State Defendants' request for a preliminary injunction. First, the district court rejected GEO's argument that ICE is a necessary and indispensable party to this case. Regardless of whether ICE also refused to permit the state inspection, the district court concluded GEO's immunity is not coextensive with ICE's and no law, regulation, or constitutional provision gives ICE authority to

4

immunize GEO from state law. *The GEO Grp., Inc. v. Ferguson*, No. 3:23-cv-05626-BHS, 2026 WL 1983207 (W.D. Wash. Jul. 9, 2026). Second, the district court dismissed GEO's *Yearsley* and Supremacy Clause defenses because nothing in its contract required GEO to seek ICE pre-clearance for state inspectors, Congress has not demonstrated any intent to preempt state law, and Wash. Rev. Code § 70.395 does not impose burdens any different from comparable residential treatment centers or private commitment centers— repeatedly applying this Court's *GEO I* opinion. *Id.* at \*5–\*12. Third, the district court recognized the remaining preliminary injunction factors heavily weigh in favor of the State Defendants. Observing that the State Defendants raise "compelling concerns" for the health and safety of the detainees held at GEO's Tacoma facility, and that detainees' welfare "remains within the State's purview," the district court ordered GEO to admit Department inspectors in the GEO-controlled areas of the Tacoma facility. *Id.* at \*13.

Separately, the Washington Department of Health obtained a preliminary injunction, which enjoins GEO from refusing access to State inspectors under a different, separate statute, which is also up on appeal. *See Wash. Dep't of Health v. The Geo Grp., Inc.*, No. 3:24-cv-05639-BHS, 2026 WL 1990779 (W.D. Wash.

5

July 9, 2026) *appeal filed*, No. 26-4450 (9th Cir. Jul. 13, 2026).[2] The Washington Legislature has long provided the Department with the authority to access "any . . . place" in Washington, including GEO's private facility, to investigate public health threats. Wash. Rev. Code § 43.70.170. Because the Department separately sought access under this generally applicable authority, and GEO likewise refused to allow the Department enter, the district court also granted a preliminary injunction in that case. *Id.* GEO has moved to consolidate both appeals.[3]

### III.   ARGUMENT

Judicial economy is best served by assigning the present case to the panel that decided the appeal in *The GEO Group, Inc. v. Inslee*, 151 F.4th 1107 (9th Cir. 2026) (*GEO I*).

First, this appeal is a comeback case, as defined by Ninth Circuit General Order 1.12. That order defines comeback cases as "subsequent appeals or petitions from a district court case or agency proceeding involving substantially

---

[2] A different Ninth Circuit panel had reviewed whether GEO had colorable defenses for purposes of the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *Wash. Dep't of Health v. The GEO Grp., Inc.*, No. 24-5880, 2025 WL 2986482 (9th Cir. Oct. 23, 2025) (unpublished).

[3] The State Appellees do not oppose a motion to consolidate insofar as both appeals would be assigned to the same panel, but requests they may submit separate answering briefs, given the separate procedural histories and different statutes.

the same parties and issues from which there previously had been a calendared appeal or petition." Ninth Cir. General Order 1.12. Here, the parties are the same: the GEO Group, Washington's Governor, and Washington's Attorney General. And while the parties have flipped on each side of the v, the central legal questions this panel will need to look at are GEO's intergovernmental immunity and preemption defenses to WA's law—the same issues the *GEO I* panel decided and the district court then applied on remand.

Second, under General Order 3.6(d), a prior panel "is encouraged to accept a case that predominately involves the interpretation and application of the prior panel decision, except when it is impossible to reconstitute the prior panel." That is the case here. GEO's appeal directly follows remand in *GEO I*, and the district court repeatedly applied *GEO I* throughout its preliminary injunction order to reject GEO's direct regulation, discrimination, and preemption arguments. *See Ferguson*, 2026 WL 1983207, at *10 ("The Ninth Circuit already decided that chapter 70.395 RCW does not directly regulate ICE's conduct.") (citing *GEO I*, 151 F.4th at 1118); *id.*, at *10–*11 (applying *GEO I* to conclude that the law did not burden GEO more than requirements imposed by Washington law on the types of civil detention facilities—residential treatment centers and involuntary

civil commitment facilities); *id.*, at \*12 ("In [*GEO I*], the Ninth Circuit confirmed that federal law did not preempt chapter 70.395 RCW . . . .").

And while there are additional issues that this appeal may present, like whether ICE is a necessary and indispensable party and GEO's *Yearsley* defense, the application of the *GEO I* decision is central to this appeal. Finally, GEO seeks to consolidate this appeal with its appeal of a separate preliminary injunction under a separate statute. *See Wash. Dep't of Health v. The GEO Grp., Inc.*, No. 26-4450 (9th Cir. Jul. 17, 2026). Should the motion be granted, the State Appellees would be amenable to both appeals assigned to the *GEO I* panel, or alternatively, the panel that decided the appeal in *Washington Department of Health v. The GEO Group, Inc.*, No. 24-5880.

## IV.    CONCLUSION

The State Appellees respectfully ask the Court to assign the above-captioned case to the panel that previously decided *GEO I*.

RESPECTFULLY SUBMITTED this 17th day of July 2026.

NICHOLAS W. BROWN
*Attorney General*

/s/ Cristina Sepe
ELLEN RANGE, WSBA No. 51334
ANDREW HUGHES, WSBA No. 49515
MINA SHAHIN, WSBA No. 46661
*Assistant Attorneys General*
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
Ellen.Range@atg.wa.gov
Andrew.Hughes@atg.wa.gov
Mina.Shahin@atg.wa.gov

MARSHA CHIEN, WSBA No. 47020
*Worker Rights Unit Chief*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
Marsha.Chien@atg.wa.gov

CRISTINA SEPE, WSBA No. 53609
*Deputy Solicitor General*
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-6200
Cristina.Sepe@atg.wa.gov

*Counsel for Defendants-Counter-Plaintiffs-Appellees*

9

## CERTIFICATE OF COMPLIANCE

Pursuant Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that the foregoing document satisfies the type-volume requirements set out in Federal Rule of Appellate Procedure 27(d)(2)(A) as it contains 1693 words, and was prepared using Microsoft Word in Times New Roman, 14-point font, a proportionally spaced typeface.

DATED THIS 17th day of July 2026 at Tacoma, Washington.

/s/ Cristina Sepe
CRISTINA SEPE, WSBA No. 53609
Deputy Solicitor General

10